We'll hear Bramer. Morning. Morning, Your Honor. May it please the Court. Michael Bramer's conviction for filing a false firearm application should be vacated because there was insufficient evidence to prove that in answering the question as to whether he was subject to a court restraining order, the answer was false. While it's true that... What was false about him? Okay. Great. So the language of the instructions borrows from 922 G8, which is relevant here. It requires that the court order be issued after a hearing of which Michael Bramer was given actual notice and in which he had an opportunity to participate. That's contested? That's what's contested, Your Honor. That's the only thing contested in this case, is whether the evidence met that requirement. And that's an issue of first impression in this Court. So what was the problem with the hearing that he had before the town justice? Okay. So I think whether you read those terms given the full scope of the due process requirements or just the minimal due process requirements inherent in the plain language, what's wrong with that order is that the hearing wasn't a hearing. The defendant didn't consent to the order. He didn't waive a hearing. There's no evidence that the court was ready to hear from either side, including Michael Bramer, and no evidence that had Michael Bramer said anything, the strongest, had he presented the strongest evidence, that it would have affected the court's determination because the court, there's no evidence that the court was making a determination as to the necessity of the order. Wasn't he aware, and correct me if I'm misunderstanding, that he was told to come, right, and to meet with the judge, right? Yes. And he understood what the nature of the issue was and that this was a criminal arraignment. Isn't that correct? That's correct. So what more did he need to know? He knew that the judge would be doing something. I think what is probably fair to assume is that he knew that he would be told what the charges were against him, that he would be appointed counsel at that hearing, that proceeding, the arraignment, and that a future court date would be set. There's no evidence that he was informed that an order of protection might issue against him, and certainly there's no evidence that he had counsel assigned to him in advance so that he could discuss with counsel how best to approach this arraignment. But that all goes, I suppose, to the notice requirement. And I think this court can actually decide this after a hearing language and the opportunity to participate requirement, although I still contest that the evidence was insufficient to the notice. And the reason is, as I just mentioned, that a valid court order in New York can issue even though a court makes no determination. In every other circuit that's addressed this issue, the defendant has either consented to the order or the court has made a finding that the order is necessary. And this is best described in the Fifth Circuit's decision in Spruill from 2003, which talks about why it's necessary. And it's necessary because otherwise you would be infringing on the defendant's due process rights and also Second Amendment rights. Roberts. Well, could you explain more to me about the New York law? I understand that in New York such an order could issue ex parte. Yes. But if it's not ex parte, if the person who is subject, going to be subject to the order, is standing there, New York provides that the order can issue because the judge flips the coin or feels like entering it or must enter it in any case in which somebody is being released on bail in this kind of case? The statute is 530.12 CPL. And it says that after a good – for good cause, the court makes a determination that the stay-away order is necessary and it gives a list of factors. It doesn't say what the standard is. And then after that it says even if you don't make a determination, the order is still valid. So effectively – Well, isn't the order still valid? You're not contending that if exactly the same procedure that is shown here and taking it in the light most favorable to you, not in the light most favorable to the government, that there was no opportunity given to your client to express anything. And the judge issued an order that, you know, is totally in violation of due process in some way. Your client would still be bound by the order, right? Yeah. I mean, that's Walker v. City of Birmingham. You're not contesting the validity of the order. Yeah. In fact, an ex parte order is valid. The question is whether it meets the requirements of the statute. Of the statute, yes. Okay. But isn't your strongest – Federal statute. I'm sorry? Whether it meets the requirement of the Federal statute. Correct, yeah. And so the question, I think, is what does New York law provide in answering that question? It seems to me a rather extraordinary thing for us to presume, as you argue, that the judge would have been a blank wall, that if your client or a lawyer on his behalf, if he had one, had made an argument that the judge would have said, I'm not interested in arguments, I don't have to hear arguments, I don't care, I think it's automatic, and I'm not going to make any determinations or any fact findings. For all I know, you're entirely right about the facts and legal things, but I don't care, I'm going to do it anyway. Why would we imagine that? Because that's what New York law allows. And they set a future date, and a future date was set in this case for November 12th, which was 30 days later, at which a hearing would be conducted as to whether a final order of protection would issue. So there was a date set for a hearing on the order of protection, not just for the continued proceeding in the criminal case. It's not entirely clear that Esposito, the only person that testified about who was there at the hearing, said that a date was set, November 12th. The order of protection lasts until December 31st. So conceivably, at that hearing, the defendant who would be assigned counsel at the arraignment would have the opportunity to discuss with counsel the necessity or the merits of this order, and to therefore contest them before a judge was prepared to hear arguments about whether this order should continue. I would have thought your strongest argument is the opportunity to participate on the theory that the fact that the man is standing there, but he's a layperson who doesn't know anything about what his ability to speak at this proceeding is, that without, at a minimum, the judge saying, okay, the next thing on the agenda is the order of protection that the government wants or that is frequently issued in this case. Do you have anything to say about that? In the absence of that, there's at least some difficulty in saying that he had an opportunity to participate just because he was there, quaking in his boots, presumably, about being charged with a crime and anything else. That is our argument. And I think the flip side of that is whether the court, there's any evidence that the court was prepared to hear anything from the defendant. So it's both sides. I mean, is the defendant being invited? Courts have said it doesn't require an invitation. But then again, the court is, in those cases, is making a determination on the record that it finds probable cause to believe that this is necessary. So at that point, at least there's a trigger, like that there's some standard being met here and that the defendant is on notice that he can at least, even if pro se, make an objection. Can I ask you? No, after you, please. I just want to ask you. On the absence of a lawyer, I understand, of course, that it is concerning that there was no lawyer there. But is it required in this kind of proceeding? The order of protection proceedings that can be civil, right? And those don't require a lawyer. Right. But then again, this isn't really about the order of protection. The proceeding is an arraignment, a criminal arraignment. And my understanding is that a criminal arraignment, the defendant has a right to counsel. Now, that's probably why nothing happened here, is because counsel wasn't previously assigned and was going to be assigned and then a future date at which the defendant would be represented by counsel if he wanted to would be permitted to make arguments about this order and anything else about the case he wanted to. Your position is that in a circumstance involving a criminal arraignment where there is no lawyer, there is no meaningful opportunity to participate? That's certainly part of the argument, yes. And that's, I think, that's not specific in the language of G-8, but if opportunity to participate after a hearing, there must be something that is happening that a participation is going to affect. And the critical term after means that something is a hearing where there's evidence, at least the possibility of presenting evidence, and that evidence is usually best marshaled by an attorney, right? Well, again, though, your argument, I think, could be taken in two ways, and I assume you're actually making both arguments. But one of the things you're arguing is that this language in the Federal statute somehow incorporates or its meaning is informed by the Due Process Clause. And I suppose that's not an unreasonable argument since these are terms of art, notice and opportunity to be heard, or standard things that lawyers know are the rudiments of due process. On the other hand, what if due process does not require any of these things? That sort of scotches that, doesn't it? Because, you know, you're not taking on the burden, nor do you need to, of saying that New York's ex parte proceedings are unconstitutional. You know, maybe in a case of an emergency, there doesn't need to be a prior opportunity to be heard so long as there is an opportunity after the fact. So, I mean, it may be taking on a little more than you need to  when the sort of ordinary language on the facts of this case, where there's not a transcript. And I'd feel rather differently, I think. I think you have a much harder road to hoe anyway if you had a transcript where the judge addresses the defendant, even without an attorney, and says, do you have anything to say about this? And he says, no. That would be a rather different matter. But in a situation where, for all we know, right, and isn't that your argument, for all we know, there is not that kind of opportunity, no invitation, no indication to him that he's allowed to say a word. Record silence. A rational jury can't infer beyond a reasonable doubt that that element was met. That's basically what it gets down to. And as to the ex parte issue and the due process clause, obviously the ex parte orders are valid, but they don't deprive you. They don't qualify under this statute. Right. But that's not because this statute somehow incorporates the requirements of the due process clause, because the requirements of the due process clause would not require necessarily an opportunity to be heard in that circumstance. Well, I think that, you know, going back to at least the 60s, the Supreme Court has said that before you deprive somebody of their liberty and possessory rights, you have to give them a meaningful hearing at which they have a meaningful opportunity to participate. Right? I mean, that's pretty well established. Well, what about the get around this? All kinds of temporary restraining orders issued, they're temporary. They're in emergency circumstances. Right. And in this case, the temporary order didn't deprive Bramer directly of possessing a firearm. By its terms, it didn't make you would have to actually have a hearing under the  because then you can deprive somebody of their rights to possess a firearm or to purchase one. Because this was not a hearing in your view? Correct. Are you making any argument with respect to how the defendant or all firearms purchasers are advised with respect to this requirement on the Federal Firearms Form 4473, which I note in part includes, says that the hearing includes a finding that such a person represents a credible threat to the physical safety of such intimate partner or child. Right. So G8 has A, B, and C, and C has 1 and 2. Right. And you're talking about 1. There's also 2, which is essentially a force clause. If by its terms it prevents the defendant from explicitly prohibits the use, attempt to use, or threaten use of physical force against Bala. So either one of those can satisfy. So, but the court. There's no specific. No, I'm sorry. There is a specific use of the threatened force. Yeah. So, but the Fifth Circuit has talked about this the most, actually. Emerson and Spruill and Banks talk about even that subsection 2 to be constitutional would require some kind of determination by a court. And I looked at the court's order out of the Malta town court, and I'm not sure. Maybe it's a typo. Maybe it's just the copy that was at A241 of the record. I don't see any finding. Right. I can't tell whether there is a finding or a determination. The boxes on my copy at least aren't checked. So you're talking about where it says temporary order of protection, and it says whereas good cause. Yes. Yeah. That's not checked. I mean, I don't know if there's a finding necessarily in the, but certainly it wasn't talked about in the record. The only boxes as being talked about as having been checked at trial were the last two on 242 right next to the signatures, you know, defendant advised and personally served. Right. So is there any jurisprudence that explains that if all these other boxes are checked, then de jure the finding must have been made? No. No. These were just checked and no findings were made that are in the record anyway. Yeah. Okay. And, you know, my understanding is it's a busy court. It's talked about that at trial, you know. And I don't know how elaborate any colloquies are, if there are any colloquies beyond. It's a town court. It's a busy court. I've been through Malta. I was surprised to hear that myself. I can point to the page in the transcript where the sheriff does agree that that can be a busy court. Maybe it's just held once a week or something. I don't know. But anyway, just a curious aside. Thank you. Thank you. You've been through Malta, Mr. Dosan? I have many times, cutting from Syracuse up to Burlington. Right. Welcome to Burlington. May it please the Court. In preparing for oral argument, I struggled a bit to ---- You've just been brought in, right? You had nothing to do with this case until ---- No, I did review the brief, but I was brought in to do the oral argument. In preparing for oral argument, I struggled a bit to figure out how to frame the central question here because we are, in a sense, a couple steps removed from the New York State procedures. He was prosecuted here for making a false statement. And on the form that he filled out, it then refers to a definition which derives from a Federal statute. And so I think when you're thinking about how to approach this case, I think that it's very important to say, to note, that the defendant here is not contesting his knowledge or intent of the falsity of the claim. The only issue on appeal is whether a rational trier of fact could have found that Mr. Bramer was subject to a qualifying court order. Yes, if there was an attempt statute that applied to this, this would be what we call conceivably an impossible attempt. That he thought he was making a false statement, or at least the jury could so find, because he had been clearly informed that he was subject to this order. And he checked off on the form that he was not subject to any such order. And he also agreed that he never read the fine print that provides the, I don't want to call it a loophole, the exception. But still, whether he intended to make a false statement or not, it's a required element of the offense that it actually be a false statement. And that a rational, whether the evidence was sufficient, that a rational trier of fact could have found that it was a false statement. And also important here is that in trial, defense counsel expressly rejected any attempt to elaborate on the key terms. Yes, but we judge the sufficiency of the evidence against whatever the elements are, not necessarily the elements that the judge charged in the case. I think, Your Honor, here I think when you're thinking about it, I think because of the way this comes to you, I think because we're under this rational trier of fact position, I think it's a mixed question here. And I think what that gives you is a little more leeway to say, is it a reasonable interpretation of these terms that the jury was given? Well, let's back up. In the brief, there's a waiver argument. Right, right. I don't know. There's no reason why you necessarily would have, but have you come across United States against, I think it's called Blaschek or Blazak, that was decided on December the 30th? I have not. It's not a case about guns and lies. It's lies in a way. It's a case about misappropriation of government confidential information. And it seems to me that the — there was a waiver argument made by the government there, and our court — it was exactly the same structural situation. The insufficiency argument hinged on an interpretation of the statute. There had not been a request to instruct the jury, and the court then held both that the sufficiency argument was different and that the sufficiency argument was to be judged against the actual elements of the statute, not the — according to the more vague general instructions that were given to the jury. I see. But now, I mean, you weren't actually formulating this, I take it, as a waiver argument. No, just more as how to approach this term, what happened here in terms of the jury's assessment of these terms. And I think what I was going to get to is that the terms hearing and actual notice and opportunity to participate, many courts have looked at those terms and said they have a fairly, you know, simple meaning. And it's to import then additional and somewhat elaborate due process requirements here, I think, is the majority of courts that have looked at this have rejected that idea. They said that the statute basically speaks for itself, and I think that's what the defendant and the government was saying below. But do we have to get into that? Focusing on the opportunity to participate, I don't know that I would — it's not exactly a case where one blames the jury by saying, oh, my God, how could they have been so irrational. At the same time, if the meaning of opportunity to participate, in fact, is something more than — is an actual law, is something like some real understanding that you have a right to say something. And there is no evidence that would support that. And, indeed, there are aspects of New York law. And it doesn't seem to me, anyway, a fanciful notion that a judge might think, well, I've got this statute that says encourages me to issue orders of protection here. He's charged with this kind of offense. It seems to me, without elaborating this or putting it on the record, that this looks like the kind of case where at least until the hearing can be had, we'll just make that one of the conditions of bail. And without ever asking the person, just says to him, okay, so, you know, you come back with your lawyer in 30 days. We'll proceed further with the case. But in the meantime, you're released on your own recognizance. And the conditions are show up at the probation office once a week. And, by the way, you're not allowed to contact your ex or fiancée or wife or whoever it was. Right? I mean, that does not strike me as, like, what judge in his right mind would ever do that. That seems like something that might well happen. Correct, Your Honor. But I think the standard is fairly low. According to the, you know, at least the Ninth Circuit in Young, an opportunity to participate means only that the defendant could have objected to the entry of the order or otherwise engaged with the court as to the merits of the restraining order. And that's in Young. Wilson, the Seventh Circuit, opportunity implies little more than a possibility or a chance of giving rise to some result. And I think here the evidence was that he was in court. He had been brought there with the state trooper who advised him that it was going to be an arraignment. Taking the evidence in the light most favorable to the government, he then advised him of what would happen at the arraignment. There's nothing in the record. There's testimony that he was able to speak to the judge. The form itself, and we put, you know, some reliance on the form, the form says that the judge advised him of the order and the contents. The form itself, which he signed, gives him a clear indication of the consequences under federal law for this. And there's no objection by the defendant. So I think here that meets a minimum requirement of opportunity. I think stepping back from this, especially given the vehicle that you have here, I would think the court would hesitate to impose some of the procedures that the defendant here asked for, because the purpose of the federal law, in connection with the restraining orders in states, is to disarm people who have these orders of protection against them. And oftentimes the limitations, like a lot of things that Congress has a general purpose of doing, it's balancing that against other considerations. And it did. And here there's an explicit balance that there has to be notice and an opportunity to participate. Right. So an ex parte order that might be entirely valid as a matter of state law and as a matter of constitutional law, and that, you know, one could make the same argument you're making now, you know, accords with the overall purpose of disarming potential committers of domestic violence, that interest is sacrificed to Congress's desire that people have notice and an opportunity to be heard, whatever that means to them, before they lose the right to possess a firearm. Right. But I think the balance was struck, and I think there's two competing balances here. And I think when you're interpreting an opportunity to participate, giving it too much kind of an elaborate procedure, and what the defendant really wants is the defendant has to have advance notice. Well, he says that, and rightly so. He's an advocate. He wants to argue for the maximum possibilities. But I'm focused on, like, the minimum possibilities here. What are the minimum things that notice requires? And it's one thing to argue notice doesn't have to be three days in advance. Notice can be, well, here you are, and this is what we're going to consider, and you're on notice that this is a possibility. An opportunity to be heard or an opportunity to participate could mean as little as you're suggesting, or it could mean a little more. But that's the zone in which we are, really. I don't think the we're not bound by the maximalist position that the appellant might want to take. Exactly, Your Honor. But I think for each step that you add, I think it imposes cost because. What does, you know, for example, you take a position that actual notice doesn't mean advance notice. Right. But there has to be some notice. The difference, really, between actual notice and advance notice. As courts have said, that if you are at the hearing and you learn of the, and if you've arrived at the hearing, you've been told of the date and time of the hearing, you were there, you had actual notice. The courts have been clear that that is not, that is distinct from advance notice, in that it separates, as Judge Lynch was pointing out, it separates ex parte restraining orders from something that happened here, where he's there, he's present. He could have objected. He could have made an argument that this is not necessary in this case. You know, again, he doesn't have, it's one thing. He doesn't have a lawyer. He doesn't have a notice even 30 seconds in advance, as far as we know. Right? I mean, there's no statement by the judge, now we're going to consider this. Right. I'd be pretty happy, I think, to say that's actual notice, and that maybe even if not coupled with, do you want to say anything about that, gives an opportunity to be heard. But if one imagines a proceeding in which the judge believes, as Mr. Egan suggests a New York judge would be entitled to believe, that he can impose this without making a finding, without any particular discussion, just as an automatic incident of bail, if in the judge's judgment that's a good idea, then I'm wondering what's the real opportunity, what's the real notice. Well, Your Honor, I think, again, because they use the term actual notice, and I think they were trying to separate out X, because the vast majority of temporary restraining orders in the country were actually issued ex parte. And so Congress is taking a significant step by requiring actual notice, and that requires the defendant be present. And here he signed the form after being advised of the protection order, after being advised of its content. And we know that how? Well, because the boxes are checked and his signature is next to them. So it says, you know, that the court and the defendant agree he was advised. He had a transcript that was just, I mean, here's the order, you need to sign this. So he doesn't get a chance to look at the boxes. You know, they're checked, but he doesn't look at them. We've all had clients, I think, if we've been in practice, you know, who sign a lot of things without reading them. Right. I mean, it's, again, here, though. Let me just, part of my problem with all of this is the absence of a record from the Malta City Court, or Malta Town Court, I mean. And I don't think that's unusual. And all you've got is the state trooper who says this is what happened. Right. I mean, if you had a transcript, if you had the judge, I mean, it just, why is it that the government didn't come up short on this issue? Well, first of all, there was no recording. Right. I mean, I'm not suggesting there was and you didn't get it. No, Your Honor, it's just one of those things where you want to prove a case, how do you prove that this guy had a hearing that comported with the requirements under Title 18? Your Honor, I think, you know, this is not going to be an unusual situation where there's, in town courts and village courts where these are issued, that there's not going to be a very easily readable, accessible record, and that memories will fade over time. But I think that. Isn't there something in the record to the effect that ordinarily these proceedings are recorded? In Malta Town Court, yes. And this one wasn't? Is that in the record? My understanding, it's, I don't believe it's in the record, so I should explain that. It's my understanding that there was just no recording. We couldn't get one. For whatever reason, there was no recording. So it's not a case of any negligence on the part of the government or any choice to choose, to prove its case with the trooper. Right. There was no recording made. But then when you go back to the fact that, I mean, there's an argument in the brief to the effect that, oh, this is going to make it virtually impossible ever to enforce this statute. But I don't know if there's anything in the record or anything that we could take notice of to indicate in how many courts across the country are criminal arraignments in local courts not recorded in any way, shape, or form. This could be just an isolated instance where somebody forgot to push the button. But I think the argument in the brief is also that you have this system of background checks and, you know, making sure that a person who has a temporary restraining order can't get a gun. I think our argument is also that would make that system much harder to work because a lay person looking at this. Am I mistaken? Didn't it work here? It did, Your Honor. Is there anything in the record about how that happened, that either the background check people or the person in the store found out that he wasn't telling the truth or that he really did have this order? Right, Your Honor. I think that there is nothing in the record about that. But it did work in this case. But, again, I would emphasize that adding additional steps, and I think Congress is aware of the myriad ways in which state courts can issue these orders and impose a minimum set of requirements, and I think they should be kept to the minimum, as the circuits have said. And I think here we did meet that minimum requirement. I fully acknowledge the proof is not overwhelming here about what happened, but I think when you look at the terms and the plain meaning of the terms, without this extra due process gloss, we met that standard. And going back just quickly to the question of counsel, I think that is one of those situations where for a federal court to say that in order for these to be valid or in order for this statute to be enforced or for this to be a false statement, there has to be a counsel present at the arraignment. I think, again, that would defeat the purpose of these statutes, which is to, in an emergency situation where time is of the essence, where studies have shown that most of the violence against domestic abuse victims happens in the two- to four-week period when they're separating from each other, that to then build in these procedural requirements that I think the statute does not require, I think would be to undermine the purpose that Congress had here. Unless there's other questions, I'll rest on our arguments in the brief. I just want to be clear about one thing. In terms of there not being a recording, is it generally the case that there is a recording but there wasn't one in this case? The record indicates that the Multitown Court, at least, does have a practice of recording these proceedings. And for whatever reason, we don't know the reason no recording was made of this proceeding. And that was argued to the jury as well as an indication perhaps of an effort to perhaps cover over something. But the jury rejected that argument. Thank you. Thank you. Excuse me. What's the one thing short of having counsel present that you would argue was missing here that would have satisfied the government's burden with respect to showing there was a hearing under the law? Right. I think that that's actually the point here, that this case can be decided even if you don't incorporate the full due process protections. And the answer to your question is that it's in the language that the government cited from Young, the Ninth Circuit decision, which says that the opportunity to be heard, to participate at a hearing, requires that the defendant be given an opportunity to participate in the merits of a decision-making process. And as Judge Lynch indicated, there's no evidence that there was a merits determination. So there's no evidence that the Court was prepared and ready to hear from anybody about whether this order should be issued. And there's no evidence then that the defendant could have said anything that would have affected the merits, because there was no merits determination. Just briefly to touch on the waiver issue, I appreciate your citation to that case. But in addition, I think the government is only arguing that the due process gloss, the additional due process is waived, not the plain language interpretation. I would argue that it doesn't matter, but just to make that point. Also, as to the right to counsel, it's not our position that a defendant must have a right to counsel in every one of these proceedings. But in the facts of this case, it shows that the procedural requirements of G-8 weren't met, in light of the fact that there's no evidence that the Court was ready to hear anything. There's no evidence that the brainer was given an opportunity to present anything, and therefore the lack of counsel, I think, pushes this case towards. Or put it another way, if he had a lawyer, it would be a different case. That's not necessarily the same thing as saying that having a lawyer is required. Correct. You're right. That's correct. And then finally, just point to the busy town court in Malta being discussed on A-70 of the record. So, I mean, he was, I understand everything you're saying. He was, though, given one day's notice of the allegations. He knew it was a criminal proceeding. Correct. And he was aware, just logically, that there might be legal consequences that would attach. And so the issuance of an order of protection, the other argument would be, on the other side, would not come as a surprise. And so the issue for you is whether he was actually given an opportunity to, a meaningful opportunity to participate in the proceeding, and you're saying no. Yeah. I think that's the easiest way to decide this case. But I would push back against the notice factual argument you just made, in that I'm not sure exactly how much was discussed between the sheriff and Mr. Bramer about what would happen at the arraignment, other than that there was a charge and that he was going to come to court and be told that he was being charged. As to whether there would be an order of protection, bail hearing of any sort, a determination, nothing like that. Or even the fact that an order might issue with respect to that? Certainly, yeah, nothing in the record about that. These proceedings are different from, obviously practiced over in Vermont, not in New York State, but are different from an arraignment on a DUI, right? I mean, you're not going to be subject to some restraining order if you're brought in and arraigned for, or DWI, whatever New York's term is. I don't think, unless there's something about the DUI that involved an intimate partner or child or something, I don't know. But it's not statutorily, sort of doesn't fall within the statutory type of offenses in which a court should be considering an order of protection. Yeah. And lastly, the evidence is pretty clear. It's A-74 that this, that proceedings are, as a matter of course, recorded. The digits weren't in this case, and it's not clear why. The judge, both parties, defense counsel and the prosecuting U.S. attorneys, AUSA, spoke with the judge before this case, asked him if he had any recollection. He said he didn't, about what happened at this arraignment. If there are no other questions. Town court judge. The town court judge, Malta town court judge, Falk. Thank you. Thank you.  Thank you both for your arguments.